UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07385-RGK-JC | Date | October 18, 2023 |
|---|---|---|---|
| Title | *Jessica Ortiz Lopez v. Subaru of America, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Notice of Removal [DE 1]

On May 17, 2023, Jessica Ortiz Lopez ("Plaintiff") filed a Complaint against Subaru of America, Inc. ("Defendant") in Riverside County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act. Plaintiff's allegations arise from the purchase of a 2019 Subaru Ascent from Defendant. On September 6, 2023, Defendant removed the action to this Court on the basis of diversity jurisdiction. Upon review of Defendant's Notice of Removal, the Court hereby **ORDERS** Defendant to **SHOW CAUSE**, in writing, that the amount in controversy is satisfied.

Pursuant to 28 U.S.C. § 1331, a district court shall have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07385-RGK-JC | Date | October 18, 2023 |
|---|---|---|---|
| Title | *Jessica Ortiz Lopez v. Subaru of America, Inc.* | | |

Plaintiff seeks general, special, and actual damages, as well as attorneys' fees and costs. In the Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000. In support, Defendant states that Plaintiff seeks $53,449.76 in damages based on the full contract price of the vehicle, plus $106,899.52 in treble damages as a civil penalty. However, it is not apparent that Plaintiff would be entitled to the full contract price in the first instance, as the vehicle was purchased pursuant to an installment contract set to be fully paid by 2026. Further, while civil penalties and attorneys' fees are available for willful failure to comply with the Song-Beverly Act, Defendant has not offered any evidence to support such an award. The Court declines to speculate as to what this award might be.

Accordingly, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **show cause, in writing, that the jurisdictional requirements are satisfied**. Such a response shall not exceed **five pages** and must be submitted within **seven days** of this Order's issuance.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE |