# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS6

## CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-07385-RGK-JC | Date | October 25, 2023 |
|---|---|---|---|
| Title | *Jessica Ortiz Lopez v. Subaru of America, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  
Not Present

Attorneys Present for Defendant:  
Not Present

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On May 17, 2023, Jessica Ortiz Lopez ("Plaintiff") filed a Complaint against Subaru of America, Inc. ("Defendant") in Riverside County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act. Plaintiff's allegations arise from the purchase of a 2019 Subaru Ascent from Defendant. (ECF No. 1-1.) On September 6, 2023, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) On October 18, 2023, the Court Ordered Defendant to show cause that the amount in controversy requirement was satisfied for diversity jurisdiction. (ECF No. 15.) On October 24, 2023, Defendant responded. (ECF No. 20.) Upon review of Defendant's Response, the Court finds that the amount in controversy has not been established and hereby **REMANDS** the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*,

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07385-RGK-JC | Date | October 25, 2023 |
|---|---|---|---|
| Title | *Jessica Ortiz Lopez v. Subaru of America, Inc.* | | |

936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiff seeks general, special, and actual damages, as well as attorneys' fees and costs. In support of removal, Defendant calculated that based on the vehicle's full contract price of $53,449.76, and $106,899.52 in civil penalties, the amount in controversy exceeds the jurisdictional minimum, not including attorneys' fees. However, as the Court pointed out in its Order to Show Cause, the vehicle was purchased under an installment contract, under which her recovery would be limited to the amount actually paid to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). This undercuts both the amount of damages and civil penalties used in Defendant's calculations. Further, attorneys' fees, while allowed by statute, are speculative. Defendant does not assuage these concerns in its Response.

Accordingly, the Court finds that Defendant has failed to plausibly allege that the amount in controversy meets the jurisdictional requirement. In light of the foregoing, the Court **REMANDS** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Los Angeles Superior Court, 23GDCV01026

                                                                                                    :

Initials of Preparer                JRE/sf